891 F.2d 298
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re L. Richard CHAPMAN and Wayne I. Fanta.
 No. 89-1482.
 United States Court of Appeals, Federal Circuit.
 Nov. 3, 1989.
 
 Before MARKEY, Chief Judge, FRIEDMAN, Senior Circuit Judge,* and MAYER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Board of Patent Appeals and Interferences, No. 86-1133 (December 6, 1988), affirming the final rejection of all of the claims of application Serial No. 06/609,920, is affirmed.
 
 OPINION
 
 2
 The Board's findings of fact are not clearly erroneous, and the conclusion that the subject matter of claims 1 and 34 would have been obvious to a person of ordinary skill in the art is correct. 35 U.S.C. § 103; In re Merck & Co., 800 F.2d 1091, 1096, 231 USPQ 375, 378 (Fed.Cir.1986).
 
 
 3
 The Board correctly affirmed the examiner's prima facie showing that the method according to claim 34 would have been obvious in view of Pieniak, Buell and Rega. Specifically, it would have been obvious to those familiar with methods of continuous machine assembly of diapers, such as that shown in Buell, to attach the heat shrinkable elastic waistband shown in Pieniak using a method similar to the one taught by Rega.
 
 
 4
 The claimed method is analogous to the Rega method for securing strips of "live" elastic to a moving web of diapers. That the Rega method encounters problems, like "bunching", caused by the "live" elastic would not have discouraged one skilled in the art from using a similar method to attach a strip of heat shrinkable elastic material. It is apparent the substitution would eliminate the problems. The proper direction of molecular orientation and the proper orientation of the roll of heat shrinkable elastic material also would have been obvious from Pieniak and Rega. The heat shrinkable elastic material must be molecularly oriented in a cross-machine direction to obtain a waistband like Pieniak's that stretches around a baby's waist. Besides, Rega shows orientation of a roll of "live" elastic perpendicular to the direction of travel of a moving web of diapers. There would have been no reason not to use the same orientation for a roll of heat shrinkable elastic material.
 
 
 5
 The Board and the examiner also correctly combined the teachings of Vaughan with that of Pieniak, Buell and Rega to reject claim 1. Pieniak shows the use of a heat shrinkable film strip in place of a "live" elastic diaper waistband, so one skilled in the art would have been led to references that taught how to make heat shrinkable films. Vaughan is reasonably pertinent to the particular problem of making heat shrinkable films and is therefore part of the prior art which the PTO may consult in making the obviousness determination. Union Carbide Corp. v. American Can Co., 724 F.2d 1567, 1572, 220 USPQ 584, 588 (Fed.Cir.1984). The argument that Vaughan would not have engendered the necessary incentive to molecularly orient the film in the cross-machine direction is irrelevant because that incentive is a matter of common sense in view of Pieniak and Rega.
 
 
 6
 We agree with the Board that the Matray application, filed in Britain fourteen months after the filing date of Chapman, makes no difference. However, it was not shown, nor can it be presumed, that Matray considered all of the references cited by the Board in affirming the rejection. Matray's method requires stretching a heat shrinkable elastic waistband in the machine direction, but stretching in the cross-machine direction would have been obvious from Pieniak and Rega, and Vaughan provides the apparatus and method for lateral stretching. That other workers in the field may have come up with a different solution to the diaper assembly problem after the filing date of the application does not overcome the prima facie showing of obviousness.
 
 
 
 *
 Judge Friedman took senior status on November 1, 1989